**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LOZA, a single man,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>AMERICAN HERITAGE LIFE INSURANCE COMPANY, a Florida corporation,<br><br>    Defendant - Appellee. | No. 12-15946<br><br>D.C. No. 2:09-CV-01118-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 9, 2014[**]
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Michael Loza appeals the district court's grant of summary judgment in

favor of American Heritage Life Insurance Company in Loza's action arising out

of the insurance company's denial of benefits under a cancer insurance policy. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291, review de novo, and affirm. *Hazle v. Crofoot*, 727 F.3d 983, 990 (9th Cir. 2013); *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982).

Loza argues that the pre-existing condition exclusion in his cancer insurance policy is ambiguous and should be construed against the insurance company to require some awareness, during the twelve months before the policy's effective date, that he was being treated for prostate cancer. However, the plain language of the exclusion requires only that he receive medical advice or treatment for prostate cancer in the year prior to the April 1, 2007, effective date of the policy. Loza received medical advice for prostate cancer three months prior to the effective date of the policy when he reported to his doctor that his father had died of prostate cancer, he exhibited several symptoms consistent with prostate cancer, and his treating physician referred him to a urologist. Those symptoms led to the prostate cancer diagnosis two months after the effective date of the policy.

The fact that a high level of prostate specific antigens in the blood can be caused by other prostate conditions is beside the point. In this case, it is undisputed that Loza had cancer. It is also undisputed that he presented symptoms and received medical advice in the year before the effective date of the policy.

The district court correctly held that Loza failed to come forward with sufficient evidence to establish that the insurance company acted unreasonably or with the "evil mind" necessary for Loza to prevail on a bad faith claim or to obtain punitive damages. *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000); *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 681 (Ariz. 1986). Similarly, summary judgment was proper on the intentional infliction of emotional distress claim because Loza failed to establish that the insurance company's conduct was "extreme" and "outrageous." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

Finally, Loza did not come forward with sufficient evidence that the insurance company caused him "substantial, long-term emotional disturbances." *Harris v. Maricopa Cnty. Superior Ct.,* 631 F.3d 963, 978 (9th Cir. 2011). Loza's conclusory statement in his discovery disclosure document that he suffered emotional distress was insufficient to survive summary judgment.

AFFIRMED.